**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VICTOR OWENS, | |
| Plaintiff, | |
| v. | |
| THE DUFRESNE SPENCER GROUP LLC D/B/A ASHLEY FURNITURE HOMESTORE, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT AT LAW**

Plaintiff, Victor Owens ("Owens" or "Plaintiff"), by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendant, The Dufresne Spencer Group LLC d/b/a Ashley Furniture Homestore ("DSG" or "Defendant"), states as follows:

**NATURE OF ACTION**

1. Plaintiff brings this lawsuit against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq*. ("IMWL") for Defendant's failure to pay Plaintiff for all hours worked over 40 in individual workweeks ("overtime hours").

2. Plaintiff also brings this lawsuit against Defendant pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA") for Defendant's unlawful interference with and retaliation for Plaintiff exercising his rights under the FMLA.

3. Plaintiff also brings this lawsuit against Defendant pursuant to the Illinois Equal Pay Act, 820 Ill. Comp. Stat. §112/1 *et seq*. ("IEPA") based on Defendant's payment of unequal wages to Plaintiff based on race.

4. Plaintiff further brings this lawsuit against Defendant pursuant to the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1 *et seq*. ("IWPCA"), for Defendant's failure to pay Plaintiff all final compensation following his termination.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (right to civil action under FLSA), and 29 U.S.C. § 2617 (right to civil action under the FMLA). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. The unlawful employment practices described herein were committed at Defendant's facility located at 1045 Crossroads Pkwy, Romeoville, Will County, IL 60446. Venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Victor Owens resides in Chicago, Illinois.

8. Owens worked for DSG as a Distribution Center Supervisor at its facility located at 1045 Crossroads Pkwy, Romeoville, IL 60446 from on or around December 17, 2019 through on or around April 7, 2022.

9. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, IMWL, FMLA, IEPA, and IWPCA.

10. Defendant DSG is a furniture retailer. DSG currently owns and operates over 100 Ashley Furniture Homestores and distribution centers throughout the United States. DSG's principal office is located in Memphis, Tennessee.

11. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, IMWL, FMLA, IEPA, and IWPCA.

12. At all relevant times, DSG employed more than 50 employees within 75 miles of its Romeoville location.

2

## FACTUAL ALLEGATIONS

13. Owens worked for Defendant as a Distribution Center Supervisor at its facility located at 1045 Crossroads Pkwy, Romeoville, IL 60446 from on or around December 17, 2019 through on or around April 7, 2022.

14. Owens supervised 20-30 employees throughout his employment.

### Facts Pertinent to FLSA and IMWL Claims

15. Defendant classified Owens as exempt from overtime under the FLSA and IMWL.

16. From December 2019 through October 2021, Defendant paid Owens an annual salary of $48,000 ($1,846.15 bi-weekly pay).

17. In or around November 2021, Defendant raised Owens' annual salary to approximately $51,000 ($1,975.39 bi-weekly pay), which remained his salary through the end of his employment.

18. Throughout his entire employment, Owens regularly worked between 45 to 70 hours per workweek.

19. Despite being a salaried employee, DSG regularly made deductions from Owens' paychecks when Owens would work less than a full workday.

20. Because DSG made deductions from Owens' paychecks when he worked less than a full workday and it was not due to his use of FMLA, Owens' status as an exempt employee under the FLSA was lost and he was owed overtime pay for all overtime hours worked.

21. Defendant never paid Owens overtime throughout his entire employment.

### Facts Pertinent to FMLA Claim

22. Owens has a chronic blood clotting disorder called Factor V Leiden.

23. Factor V Leiden is a serious health condition under the FMLA.

24. On or around March 8, 2021, Owens was approved to take intermittent family medical leave ("FML") due to his serious health condition.

25. Defendant approved Owens for the following intermittent leave: (1) to work a reduced work schedule of five days per week no more than 40 hours per week; and (2) to be absent from work on an intermittent basis four times per month for 10 hours per day.

26. Despite Owens being approved to work a reduced schedule of no more than 40 hours per workweek, Defendant never complied with that request and consistently scheduled Owens to work more than 40 hours per workweek.

27. Owens addressed this issue several times in person to his managers Brian Bachman, the Operations Manager, and Jason Meil, the General Manager; however, neither Bachman nor Meil ever took any action to rectify the issue.

28. Then, on March 8, 2022, Owens emailed Bachman as well as Jack Freeman, a Department Director, and Stephanie Skinner, a Human Resources Representative, stating that per his FMLA request, he is only supposed to be scheduled to work 40 hours per week.

29. While Skinner did not address the issue of Defendant's noncompliance with Owens' reduced schedule, Skinner emailed Owens back stating that he needed to resubmit his FMLA certification paperwork in order to continue to take intermittent leave under the FMLA.

30. On April 1, 2022, Skinner emailed Owens the requisite FMLA certification paperwork for Owens to complete and said he had until April 15, 2022 to submit it.

31. About one week later, on April 7, 2022, Owens informed his managers Bachman and Meil that he would be leaving early for the day.

32. That same day, on April 7, 2022, Defendant terminated Owens' employment.

33. Defendant did not inform Owens that he was terminated; therefore, Owens sent out emails on April 8, 9, and 12 checking on his work schedule.

34. It was not until April 12, 2022 that Meil informed Owens via email that he was terminated on April 7, 2022.

35. Upon information and belief, Defendant terminated Owens for having exercised his rights under the FMLA.

36. Upon information and belief, by terminating Owens before the deadline for him to resubmit his FMLA certification, Defendant interfered with Owens' ability to exercise his rights under the FMLA.

**Facts Pertinent to IEPA Claim**

37. Owens is an African-American male.

38. Throughout Owens' entire employment, Defendant employed between 5-10 supervisors at a time at its Romeoville location, including Owens.

39. In or around August 2021, Defendant hired two new supervisors, Wesley Breska and Michael (LNU).

40. Owens performed substantially similar work to both Wesley and Michael.

41. Both Wesley and Michael are Caucasian males.

42. Defendant tasked Owens with training both Wesley and Michael.

43. Shortly after they were hired, Owens learned both Wesley and Michael had starting annual salaries of $54,000 each, whereas Owens' starting salary was $48,000, which was only raised to $51,000 after having worked for Defendant for nearly two years.

44. Additionally, Owens supervised 20-30 employees across 3-4 different departments, whereas Wesley and Michael supervised less than 10 employees in only one department.

45. Further, neither Wesley nor Michael had college degrees, whereas Owens had a college degree and more experience than Wesley and Michael.

46. Upon information and belief, Defendant discriminated against Owens based on race with respect to his pay.

**Facts Pertinent to IWPCA Claim**

47. At the time that Defendant terminated Owens, he had approximately 42 hours in paid time off ("PTO") accrued that he had not used.

48. Defendant failed to pay Owens the total amount of accrued and unused PTO following his termination.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

49. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

50. This Count arises from Defendant's violation of the FLSA for its failure to pay Plaintiff at the overtime rate for all overtime hours worked.

51. Deductions from an exempt salaried employees' paycheck are only permissible when an employee is absent from work for one of more full days for personal reasons other than sickness or disability. 29 CFR § 541.602(b)(1).

52. Defendant regularly made deductions to Owens' paychecks when he was absent for less than a full day of work for personal reasons other than sickness or disability in violation of the FLSA.

53. As a result, Plaintiff lost his status as exempt from the FLSA and was entitled to overtime pay for all hours worked in excess of 40 per workweek. 29 CFR § 541.603(a).

6

54. Defendant never paid Owens overtime compensation for any hours worked over 40 per workweek throughout his entire employment.

55. Defendant knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them. Thus, Defendant's failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FLSA;

B. Enjoining and permanently restraining these violations of the FLSA;

C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FLSA;

D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 216(b);

E. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with the instant action; and

F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

### COUNT II
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW – UNPAID OVERTIME

56. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

57. This Count arises out of Defendant's violation of the IMWL for its failure to pay Plaintiff at the overtime rate for all overtime hours worked.

58. Because Defendant regularly made deductions from Plaintiff's paychecks for working less than a full day, Plaintiff lost his status as exempt from overtime under the IMWL.

59. Consequently, for all weeks during which Plaintiff worked in excess of 40 hours, he was entitled to be compensated at the overtime rate for all overtime hours worked.

60. During the relevant time period, Plaintiff regularly worked in excess of 40 hours per workweek.

61. Defendant violated the IMWL by failing to compensate Plaintiff at the overtime rate for all overtime hours worked.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

A. Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

B. Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

C. Awarding treble damages and other statutory damages pursuant to the formula set forth in 280 Ill. Comp. Stat. § 105/12(a);

D. Awarding reasonable attorneys' fees and costs incurred in filing this action;

E. Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq*.; and

F. Ordering such other and further relief as this Court deems appropriate and just.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL AND LEAVE ACT – INTERFERENCE

62. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

63. This Count arises from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq*.

64. Defendant interfered with Plaintiff's rights under the FMLA by terminating Plaintiff before the deadline for him to resubmit his FMLA certification in order to continue to take intermittent leave.

65. But for Defendant's termination of Plaintiff, Plaintiff would have resubmitted his FMLA certification and continued to take and use intermittent leave.

66. Defendant's violation of the FMLA has caused Plaintiff to incur damages, including but not limited to loss of income, following his termination.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;

D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

E. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with the instant action; and

F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

**COUNT IV**
**VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT – RETALIATION**

67. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

68. This Count arises from Defendant's violation of the FMLA, 29 U.S.C. § 2601, *et seq*.

69. As an eligible employee who required time off due to his serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

70. An employer is prohibited from discriminating or retaliating against an employee for having exercised or attempted to exercise their FMLA rights. 29 CFR § 825.220(c).

71. Defendant retaliated against Owens for exercising his rights under the FMLA by terminating Plaintiff prior to him being able to submit his FMLA certification by April 15, 2022.

72. But for having requested and taken FML and thereby exercising his rights under the FMLA, Plaintiff would not have been terminated.

73. Defendant's violations of the FMLA have caused Owens to incur damages, including but not limited to loss of income.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Plaintiff back wages, reinstatement or front pay in the alternative, and lost benefits arising from Defendant's violation of FMLA;

D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

E. Awarding Plaintiff his reasonable attorneys' fees and costs incurred in connection with the instant action; and

F. Awarding Plaintiff any additional relief, including equitable damages, that the Court may deem just and proper.

## COUNT V
## VIOLATION OF THE ILLINOIS EQUAL PAY ACT – UNEQUAL PAYMENT OF WAGES BASED ON RACE

74. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

75. This Court arises out of Defendant's violation of the IEPA based on Defendant's unequal payment of wages to Plaintiff based on his race.

76. The IEPA prohibits employers from paying unequal wages to African-American employees less than another employee who is not African-American for the same or substantially similar work. 820 Ill. Comp. Stat. § 112/10(a).

77. Defendant's payment to Owens of compensation in an amount less than it paid its Caucasian male employees for the same or substantially similar work, the performance of which required equal skill, effort and responsibility, was a violation of the IEPA, 820 Ill Comp. Stat. § 112/1 *et seq*.

78. The IEPA provides for recovery in a civil action of the entire amount of the underpayment, together with and the costs and reasonable attorneys' fees as may be allowed by the court and as necessary to make the employee whole.

79. As a result of this unequal pay, Owens has suffered loss of income and emotional distress.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the IEPA;

    B. Award Plaintiff lost wages and benefits;

    C. Award Plaintiff liquidated damages;

    D. Award punitive and/or compensatory damages against Defendant;

    E. Award Plaintiff such injunctive relief as may be appropriate, including reinstatement;

    F. Award Plaintiff attorney's fees and costs, and;

    G. Award Plaintiff any further relief that the Court may deem just and appropriate.

## COUNT VI
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT – FAILURE TO PAY FINAL COMPENSATION

80. Plaintiff restates and incorporates each of the preceding paragraphs as though fully set forth herein.

81. This Count arises out of Defendant's violation of the IWPCA for its failure to pay Plaintiff all final compensation owed to him at the time of his separation of employment.

82. Under the IWPCA, Defendant is required to pay separated employees all "final compensation", which includes earned PTO.

83. At the time of Plaintiff's termination, Plaintiff had approximately 42 hours of accrued and unused PTO.

84. Defendant failed to provide Plaintiff payment of his unused PTO subsequent to his separation of employment.

85. As of the date of this filing, Defendant still has not provided Plaintiff with full payment of his unused PTO.

WHEREFORE, Plaintiff Victor Owens respectfully requests that this Court enter an order as follows:

    A. Awarding judgment in the amount of all unpaid final compensation owed to Plaintiff pursuant to the IWPCA;

    B. Awarding prejudgment interest on the back pay in accordance with 815 Ill Comp. Stat. § 205/2;

    C. Awarding statutory damages pursuant to the formula set forth in 820 Ill Comp. Stat. § 115/14(a);

    D. Awarding reasonable attorneys' fees and costs incurred in filing this action; and

    E. Ordering such other and further relief as this Court deems appropriate and just.

Dated: May 27, 2022                                  Respectfully submitted,

Alejandro Caffarelli (#06239078)            VICTOR OWENS,
Katherine E. Stryker (#6333420)
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300             By: /s/ Katherine E. Stryker
Chicago, Illinois 60604                            Attorney for Plaintiff
Tel. (312) 763-6880
Firm ID. 58616
*acaffarelli@caffarelli.com*
*kstryker@caffarelli.com*